Tiie Chief Justicf.
delivered the opinion of the court.
This was an ejectment, in which James Hoggin was the lessor of the plaintiff, and the Bank of Kentucky was defendant; Both parties claim under Lewis Sanders. The bank under two deeds of trust bearing date the 15th of June, 1815, given by Sanders to secure the payment of money borrowed by him of the bank. These deeds were acknowledged by Sanders and wife, in the office of the clerk of the county court of Fayette, where the lands lie, and ordered to be recorded, the one on the 17th and the other on the 29th of the saíne month and year in which they bear date. With an endorsement to this effect: — “These “deeds were delivered out by the elerk to Sanders, “and “by him to the president of the bank, who supposing “the deeds had been recorded, kept them until some time “in May, 1817, when finding they had not been recorded, “they were again left with the clerk for record by the president and directors of the bank of Kentucky, and were “in fact not recorded until the 26th of May, 1817, but “but were then recorded; and on the 29th of October, “1817, the deeds were reacknowledged and again recorded.”
Haggin claims as a purchaser at a sale by the sheriff of Fayette county, in virtue of sundry executions of fieri facias issued upon judgments obtained against Sanders by certain of his creditors, after the, date-of the deed given by San-dfers'to the bank.
On an agreed case, admitting these facts, and all those which they conduce to prove, the cause was submitted to the decision of the court below, who gave judgment for Haggin, from which the bank prosecutes this appeal.
The main question in this case is, whether the deeds of trust executed by Sanders to the bank, are valid or not as to the creditors of Sanders.
The principal objection taken to the validity of the deeds of trust ‘b that they were not.recorded within eight months after they were executed.
This objection can certainly derive no support either from the act of assembly of this state, of 1796, regulating conveyances, of from the act of the Virginia assembly of *307 1785, from which the act of this state was, in its essential features, copied. For these acts only require a deed of conveyance, when duly proved or acknowledged, to be lodged with the clerk to be recorded, in order to make it good as to creditors and purchasers. But the act of 1748, declares all deeds of conveyance, and deeds of trust, and mortgages by name, to be void as to creditors and purchasers, unless they are recorded-within eight months from the time of making the same, and as both the act of 1785, and that of 1796, are silent as to deeds of trust and mortgages by name, and neither of them contains a.repealing clause, it is inferred that the act of 1748 is still in force in relation to deeds of trust and mortgages, and consequently that the deeds of trust in this case are void. This inference might be correct were there no provision in the act of 1786, or of 1796, embracing the case of deeds of trust or mortgages, variant from or repugnant to the provision contained in the act of 1748. But although deeds of trust and mortgages are not expressly named in the act of 1785 and of 1796, they are unquestionably embraced in the general terms used in those acts in relation to deeds of conveyance, and not only do they vary from the act oí 1748 in merely requiring the deed to be lodged with the clerk to be recorded, instead of requiring it to be in fact recorded within eight months, but taken in connection with this consideration the affirm-alive provision of the act of 1785 and of 1796, making deeds of bargain and sale, &c. operate to transfer the legal estate to the bargainee, it/ must be at once seen that the acts of 1785 and of 1796, are utterly incompatible with that provision of the act of 1748, which declares deeds of trust and mortgages void as to creditors and purchasers, unless recorded within eight months. If, therefore, the deeds of trust in question in this case were lodged with the .clerk within eight months, to be recorded, it is a sufficient compliance with the requisition of the law to reader them ya-lid as to creditors and purchasers. But it is in the next place objected, that the deeds of trust were not so lodged with the clerk. That they were in fact lodged with the clerk is evident, not only from the circumstance of the en-endorsement made by him, but from the statement in the agreed case, that they were delivered out by him to Sanders; ftf neither of these circumstances could h^p existed unless the deeds had been put into the possess!» of the clerk. *^nd that they were lodged with him for the purpose of be *308 ing recorded, is necessarily implied, as well by the order that they should be recorded, as by the statement that they were, when returned to the office, “again left with the clerk for record.”
⅜ a^Ky^act, incompatible y¡r. g nia laws, pa. I42.ch.i) tUalrecording within 8 rao. j0 be therefore quo,' ad hoc, the ®ct°*,e¿8 IS
the act of 1795 (concerning ⅛ ⅛ ms include deeiUóftrust ^,s "eráis used that, act [‘brosd^ota-,⅛⅜ them, and the efure pro.4uces ⅝ N '¡⅞⅛ ’48 with re-Utiou ta ee-s
If aftep a jea¿ ⅛ ⅛⅞ with a clerk to be recorded lie delivers it to the grant- or without recording1 it, tho* this is a breach of official duty- it does no' vitiate the deed, but the clerk may be liable to creditors orpurchasers for any injury they niay sustain.
if after a deed is ' so lodged, the granice wi ih-draws it before record ing, he may pn,b\bly be postponed to creditors or purchasers— he certainly will be answerable in 'damages for any injury they may sustain.
Hardin and Wkkliffe for appellants, Hughes and Littcii for appellee.
If, then, the deeds of trust were, within eight months after being executed, acknowledged and lodged with the clerk to be recorded, the requisition of the law has been literally complied with. The law no doubt pre-supposes that the clerk will retain the possession of a deed until it is recorded, and it is indisputably a violation of his duty not to do so. For such a violation of duty the clerk would be responsible for any injury which a creditor or purchaser might sustain thereby. But the law has not, on that ground, declared that the deed shall he void; and wé have not, as expounders of the law, any power to do so. If, indeed, the proprietor of a deed of conveyance should Withdraw it from the clerk before it was recorded, for the fraudulent purpose of deceiving creditors or purchasers, it might admit of some question whether the deed would not be void as to him upon general principles. He would certainly be liable under such circumstances to repair any injury they might sustain. But in this case there is no pre-tence to charge the bank v/ith fraud, nor did the withdrawal of the deeds ef trust from the office deceive or delude the creditors of Sanders.
The judgment must therefore be reversed with cost, and the cánse remanded, that-judgment may be entered for the defenorants in the court below.